



## MEMORANDUM OPINION

No. 04-10-00317-CV

Ramona Uvalle **IBARRA**,
Appellant

v.

The **CITY OF LAREDO**; Webb County; Laredo Independent School District;
Laredo Community College; and Rick Flores, Webb County Sheriff,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CVQ-000883-D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed: June 30, 2010

DISMISSED FOR LACK OF JURISDICTION

In her petition, Ramona Uvalle Ibarra sued the City of Laredo, Webb County, Laredo

Independent School District, Laredo Community College, and Webb County Sheriff Rick Flores.

All parties were served. The City of Laredo, Laredo Independent School District, and Laredo

Community College filed motions for summary judgment, arguing, among other things, that the trial

court lacked jurisdiction over the claims raised by Ibarra. On December 18, 2009, the trial court

signed an order granting the motions for summary judgment before it. The trial court's December 18, 2009, order expressly orders that the City of Laredo, the Laredo Community College, the Laredo Independent School District, and Webb County be discharged and dismissed from all causes of action filed by Ibarra; however, this order does not mention another defendant, Sheriff Rick Flores. Ibarra then filed a notice of appeal, stating she intends to appeal the trial court's order of December 18, 2009.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order of December 18, 2009, is interlocutory because it does not dispose of all parties and causes of action. Thus, it is not a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). In addition, we have found no statutory authority allowing a party to appeal from an interlocutory order like the one in this case.

On May 5, 2010, we issued an order abating and remanding this cause to the trial court for a period of forty-five days for the entry of either a severance order or an order disposing of Ibarra's claims as to Sheriff Rick Flores. We warned that if no such order was filed, this appeal was subject to dismissal for lack of jurisdiction. We directed the trial court clerk to prepare and file a supplemental clerk's record in this court no later than forty-five days from the date of our order. The clerk of this court forwarded copies of our May 5, 2010, order to counsel for all parties.

On June 21, 2010, the trial court clerk filed a notice of late record stating he was unable to prepare and file the supplemental clerk's record because no motion for severance or motion to dismiss was filed in the trial court. No other response to our order has been filed.

We reinstate this appeal on our docket. Having concluded the order appealed from is interlocutory and an interlocutory appeal is not authorized by statute, we dismiss this appeal for lack of jurisdiction.

PER CURIAM